**NOT FOR PUBLICATION**

**FILED**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

APR 15 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACQUELINE ROEDER, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> GUARDIAN LIFE INS. CO.; PSC BIOTECH CORPORATION PLAN, <br><br> Defendants-Appellees. | No.   22-56226 <br><br> D.C. No. 8:21-cv-01715-JVS-KES <br><br> MEMORANDUM* |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Argued and Submitted January 10, 2024
Pasadena, California

Before:  RAWLINSON, MELLOY,** and H.A. THOMAS, Circuit Judges.

Jacqueline Roeder appeals the district court's de novo review of the

administrative record regarding Guardian Life Insurance Company's (Guardian)

denial of her application for long-term disability benefits under a policy governed

---

   *     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

   **     The Honorable Michael J. Melloy, United States Circuit Judge for the U.S. Court of Appeals for the Eighth Circuit, sitting by designation.

by the Employee Retirement Income Security Act of 1974 (ERISA). "We review de novo a district court's choice and application of the standard of review to decisions by fiduciaries in ERISA cases . . . [and] for clear error the underlying findings of fact." *Est. of Barton v. ADT Sec. Servs. Pension Plan*, 820 F.3d 1060, 1065 (9th Cir. 2016); *see also Wolf v. Life Ins. Co. of N.A.*, 46 F.4th 979, 984 (9th Cir. 2022) ("De novo review applies to the denial of benefits under an ERISA-governed insurance policy where . . . the policy does not assign the administrator discretionary authority to determine eligibility of benefits or to construe the plan's terms.").[1] Finding neither errors of law nor clearly erroneous factual findings, we affirm.

PSC Biotech hired Roeder on January 6, 2020. Her long-term disability coverage became effective on February 1, 2020. On April 1, 2020, Roeder stopped working and subsequently filed an application for long-term disability benefits alleging severe neck pain. Subsequent medical records demonstrated that Roeder has a degenerative cervical spine condition.

The policy excluded coverage for any disability manifesting during the first twelve months of employment if the applicant "suffered from a physical . . . condition, whether diagnosed . . . which caused symptoms within three months

---

[1] The policy at issue here did not assign Guardian discretionary authority, and the district court conducted a de novo review of Guardian's decision.

before the effective date of [the applicant's] insurance . . . for which a prudent person would usually seek medical advice or treatment . . . [and which] caused or substantially contributed to" the disability. Guardian reviewed Roeder's medical records, including records from the three-month look-back period of November 2019 through January 2020, and denied coverage based primarily on medical notes from a January 2020 urgent care visit. At that visit, Roeder complained of sinus pain and neck pain and received intravenous antibiotics as well as trigger point injections and electrical stimulation in her neck. The district court found that, although Roeder's degenerative cervical spine condition was not diagnosed or suspected during the look-back period, it caused the symptom of neck pain for which Roeder sought medical treatment. The district court thus upheld Guardian's decision to deny Roeder's long-term disability benefits.

On appeal, Roeder argues: (1) the medical notes from the January 2020 urgent care visit fail to demonstrate a specific diagnosis; (2) those notes are unclear in that her sinus pain and intravenous antibiotics suggest that her neck pain could have been related to an infection; and (3) the record as a whole fails to prove that her symptoms in January 2020 were related to her later-diagnosed degenerative cervical spine condition. Roeder emphasizes that no treatment provider indicated that her neck pain was caused by a degenerative cervical spine condition. Her arguments are unavailing.

3

The exclusion, framed in terms of symptoms for which a prudent person would seek treatment, does not require a diagnosis during the look-back period. Further, while the medical notes from the January 2020 urgent care visit were not a model of clarity, they permit the conclusion that Roeder suffered symptoms and received treatment for two separate complaints: antibiotics for a sinus infection and injections and electrical stimulation for neck pain. Finally, we find no clear error in the district court's conclusion that Roeder's medical records as a whole showed her symptoms in January 2020 were caused by the later-diagnosed degenerative cervical spine condition. *See Anderson v. Bessemer City*, 470 U.S. 564, 573–74 (1985) ("If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. Where there are two permissible views of the evidence, the factfinder's choice between them cannot be clearly erroneous.").[2]

**AFFIRMED.**

---

[2] Because we affirm the judgment of the district court based on the policy's symptom-based, "prudent person" exclusion provision, we need not address the parties' extensive arguments as to the policy's other exclusion provisions.

4